

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 1:08-CR-28** |
| **LINDSEY ANN COURMIER** | § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On May 1, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Lindsey Ann Courmier, on **Count 2** of the charging **Indictment** filed in this cause. Count 2 of the Indictment charges that on or about May 21, 2007, in the Eastern District of Texas, Lindsey Ann Courmier, Defendant herein, did knowingly and

intentionally possess with intent to distribute a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine base, to wit: "crack cocaine," in an amount of 5 grams or more, but less than 50 grams, in violation of Title 21, United States Code, Section 841(a)(1).

Defendant, Lindsey Ann Courmier, entered a plea of guilty to Count 2 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

    d.    That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and

Defendant realizes that her conduct falls within the definition of the crime charged under 21 U.S.C. § 841(a)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty. The Government and Defendant agreed that the Government would have proven that Defendant is one and the same with the person charged in the Indictment and that the events described in the Indictment occurred on the dates and in the places alleged in the Eastern District of Texas. The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven certain stipulated facts set forth in the *Factual Basis,* on file in the record of this cause. The *Factual Basis* states those facts as follows:

The Government would prove that on May 21, 2007, Orange, Texas, Police Narcotics Sergeant Bobby Ashworth and Texas Department of Safety Narcotics Sergeant Chris Tibbitts (Narcotics Officers) met with a cooperating individual (CI) to plan a controlled purchase of one ounce of "crack" cocaine from Lindsey Ann Courmier.

Further, the Government would prove that at approximately 6:05 p.m., the CI telephoned Courmier at cellular number 409-779-9689, and Courmier agreed to meet the CI at the Smart

Stop Convenience Store (the store) and sell the CI one ounce of "crack" cocaine for $600.

Prior to the controlled purchase, Narcotics Officers conducted a systematic and thorough search of the CI's person and vehicle, and determined that the CI did not possess any other money or contraband. Narcotics Officers then provided the CI with $600 "buy money."

That Narcotics Officers maintained continual visual surveillance on the CI as the CI traveled to the store and waited for Courmier. Courmier arrived at the store in her blue Jeep bearing Texas license plate number 668-LBN, and parked next to the CI's vehicle.

The CI exited and walked to the driver's door of Courmier's vehicle, and Courmier opened the driver's door but remained seated in the Jeep. As the CI stood in the open doorway, Courmier handed the CI a small, clear plastic baggy that contained an off-white substance that the CI recognized to be "crack" cocaine, and the CI gave Courmier the $600 and departed the store. Narcotics Officers maintained visual surveillance on the CI until they met the CI at a predetermined location where the Narcotics Officers took custody of the suspected "crack" cocaine.

Chris Fontenot, an analyst with the Jefferson County Regional Crime Laboratory, tested the suspected "crack" cocaine in this case. He would testify that he identified the substance as a mixture or substance containing a detectable amount of cocaine base, to wit; "crack" cocaine, weighing 23.05 grams. Experts in drug trafficking would testify that the 23.05 grams of "crack" cocaine that was possessed by Courmier as described herein, was possessed with the intent to distribute and not for personal consumption.

Defendant, Lindsey Ann Courmier, agreed with the facts set forth by the Government

and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that she was entering her guilty plea knowingly, freely and voluntarily.

### RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 2** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Lindsey Ann Courmier, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 841(a)(1).

Defendant is ordered to report to the United States Probation Department for the

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject her plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw her guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The

constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of May, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE